IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | |
|---|---|
| JIHBIN HWANG<br>Plaintiff, | :<br>:<br>: CIVIL ACTION NO. |
| v. | :<br>: **FILED ELECTRONICALLY** |
| MaryAnn Autunnale, Christian Sumano<br>Borough of Highland Park and<br>PRO CAP 8 FBO Firstrust Bank<br>Defendants | :<br>: **COMPLAINT AND JURY DEMAND**<br>:<br>: **CIVIL RIGHTS ACTION**<br>: **(42 U.S.C. § 1983)**<br>: |

Plaintiff by way of complaining against the above named defendants alleges the following:

1. The plaintiff is the owner of a single family house located at 200 Cedar Avenue, Highland Park, New Jersey 08904 (the property).

2. Defendant Borough of Highland Park is a municipality with offices located at 221 South Fifth Avenue, Highland Park, NJ 08904

3. Defendants MaryAnn Autunnale and Christian Sumano are employees of Borough of Highland Park.

4. Defendant Pro CAP 8 FBO Firstrust Bank is the lienholder of the property.

5. On or about August 15, 2025, while paying his water bill online, the plaintiff found that a lien had been placed on his property without his consent or knowledge or a court order.

6. Plaintiff had always paid his water bill on time and was current on his water bill.

7. Knowing that he has been paying water bill on time, the plaintiff saw no reason why a lien was placed upon his property.

8. After contacting the defendants, the plaintiff was told that the lien was placed upon the property because the plaintiff failed to have the water meter replaced.

9. According to the defendant, notices to replace water were mailed to the plaintiff a few times. However, there is no evidence that the plaintiff ever received such notices.

10. After the lien was placed upon the plaintiff's property, the defendants sold the lien to defendant PRO CAP 8 FBO Firstrust Bank who is now the lien holder.

11. Defendants placed or caused the lien to be placed on plaintiff's property without giving plaintiff notice or affording plaintiff any opportunity to present any objections.

12. According to the defendants, the ordinance gives defendant the right to enter into the property to replace the water meter. However, defendants have provided no evidence showing that their agent or technician knocked at the door demanding entrance nor any evidence that plaintiff refused to admit defendant or defendant's agent in for the purpose of replacing the water meter.

13. Defendants' unilateral action to place a lien on the plaintiff's property violates the Plaintiff's constitutional rights to ownership, association, use, enjoyment and disposal of its private property under the First, Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983-1986; the New Jersey State Constitution, and the New Jersey Civil Rights Act.

14. The ordinance or law that empowered the defendants to place a lien upon the plaintiff's property without consent, knowledge, or a court order violates the Plaintiff's constitutional rights to due process under the Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983-1986; the New Jersey State Constitution, and the New Jersey Civil Rights Act.

15. This case arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. This is a civil action under 42 U.S.C. § 1983-1986 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States, the New Jersey State Constitution and the New Jersey Civil Rights Act.

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343. Declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure. With respect to claims set forth herein, based on violation of the New Jersey Constitution, this Court has supplemental jurisdiction under 28 U.S.C. §1367.

17. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). New Jersey law applies to all claims set forth in this Complaint as the Defendant is a resident of or is located in the State of New Jersey in which the district is located; the actions complained of took place in this judicial district; evidence relevant to the allegations are located in this judicial district. No other forum would be more convenient for the parties and witnesses to litigate this action.

Wherefore, plaintiff request this court to grant the following reliefs:

1. Declare the defendant's ordinance empowering the defendant to unilaterally place a lien upon the plaintiff's property without a court order unconstitutional and unenforceable;
2. Order defendants to remove and release the lien and dismiss any associated fines;
3. Judgment against the defendant for financial loss, and;
4. Such other reliefs as the court shall deem just and equitable.

_____
Cynthia Hwang, Esq.
LAW OFFICE OF CYNTHIA M. HWANG, ESQ., LLC
615 Roosevelt Avenue
Piscataway, New Jersey 08854
T: (732) 668-7457
cynthiahwanglawoffice@gmail.com

September 24, 2025

## JURY TRIAL

Jury trial is hereby demanded on all issues so triable.

_____
Cynthia Hwang, Esq.

September 24, 2025

## CERTIFICATION

    I hereby certify that to the best of my knowledge, information and belief, the within matter is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, and no other parties known to the plaintiff at this time should be joined.

_____
Cynthia Hwang, Esq.

September 24, 2025