<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JIHBIN HWANG,<br><br>          Plaintiff,<br><br>v.<br><br>MARYANN AUTUNNALE, *et al.*,<br><br>          Defendants. | Civil Action No. 25-16048 (SDW) (AME)<br><br>**WHEREAS OPINION & ORDER**<br><br>April 22, 2026 |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon Plaintiff Jihbin Hwang's ("Plaintiff") Motion for a Temporary Restraining Order (D.E. 21 ("TRO")) pursuant to Federal Rule of Civil Procedure ("Rule") 65 and Local Civil Rule ("Local Rule") 65.1.  For the reasons set forth herein, Plaintiff's Motion for a TRO is **DENIED**; and

**WHEREAS** Plaintiff filed the instant Motion and an accompanying Amended Complaint alleging that Defendants Borough of Highland Park, MaryAnn Autunnale, and Christian Sumano ("Defendants") illegally seized his residential property in violation of his constitutional rights. (D.E. 27 ("Am. Compl.") ¶¶ 19–33; TRO at 1.)  Plaintiff maintains that the property was seized due to retaliation for filing this instant matter.  (TRO at 1–2); and

**WHEREAS** Federal Rule of Civil Procedure 65 governs TROs and preliminary injunctions.  Generally, a TRO temporarily preserves the status quo, *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020), while a preliminary injunction "grants 'intermediate relief of the same character as that which may be granted finally,'" *Brown v. Tolerico*, No. 16-

1

9413, 2017 WL 838802, at *2 (D.N.J. Mar. 3, 2017) (quoting *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945)). "The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016); and

**WHEREAS** a party seeking a preliminary injunction must first establish (1) a likelihood of success on the merits and (2) that "it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). Only if the movant establishes these two factors does a court consider (3) whether granting preliminary injunctive relief will harm the nonmoving party or other interested persons and (4) the public interest. *Reilly*, 858 F.3d at 178–79. Lastly, the court "determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179. "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); and

**WHEREAS** Plaintiff fails to demonstrate a likelihood of success on the merits or that he is likely to suffer irreparable harm in the absence of the issuance of a TRO. A party moving for a preliminary injunction bears the burden to prove its likelihood of success on the merits of its case. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)). The moving party must "'demonstrate that it can win on the merits,' which involves a showing that its chances of establishing each of the elements of the claim are 'significantly better than negligible.'" *Lacayo*, 16 F.4th at 380 (quoting *Reilly*, 858 F.3d at 179 n.3). Here, Plaintiff ignores that although he

2

abated the violations issued by the Middlesex County Fire Marshall, such violations were separate and distinct from the code violations alleged by Defendant Borough of Highland Park. Plaintiff does not substantively address the violations alleged by Defendant Borough of Highland Park and instead relies on conclusory assertions that Defendants' actions were retaliatory.[1] As such, Plaintiff fails to meet his burden of demonstrating a likelihood of success on the merits; and

**WHEREAS** a plaintiff seeking an injunction has "the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."). "The 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91–92 (3d Cir. 1992) (quoting *ECRI*, 809 F.2d at 226). Here, Plaintiff alleges that Defendants interfered with Plaintiff's economic use of his property and as a result, he has suffered substantial financial loss. (Am. Compl. ¶¶ 32–33.) Accordingly, Plaintiff has not shown how he will be irreparably harmed as he does not reside in the home, and any deprivation of his property interests can be remedied with monetary damages. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) ("Economic loss does not constitute irreparable harm"); and

---

[1] This Court notes that Plaintiff's claims should have been brought before a state or municipal court, rather than federal court. In fact, as acknowledged by Plaintiff, Plaintiff has appealed the municipal code violations to the Middlesex County Construction Board of Appeals. (D.E. 26.)

**WHEREAS** given Plaintiff's failure to demonstrate a likelihood of success on the merits or irreparable harm, this Court declines to address the remaining factors necessary for the issuance of a TRO.  *See Reilly*, 858 F.3d at 178–79; therefore

**IT IS**, on this 22nd day of April 2026,

**ORDERED** that Plaintiff's Motion for a TRO is **DENIED**; and

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　/s/ Susan D. Wigenton
　　　　　　　　　　　　　　　　　**SUSAN D. WIGENTON, U.S.D.J.**

Orig:　Clerk
cc:　　Parties
　　　　André M. Espinosa, U.S.M.J.

4