**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 20, 2026

Cynthia M. Hwang, Esq.
Law Office of Cynthia M. Hwang, Esq., LLC
615 Roosevelt Avenue
Piscataway, NJ 08854
*Counsel for Plaintiff*

Brian P. Trelease, Esq.
Rainone Coughlin Minchello, LLC
555 U.S. Highway 1 South, Suite 440
Iselin, NJ 08830
*Counsel for Defendants The Borough of Highland Park, Christian Sumano, and MaryAnn Autunnale*

Robin I. London-Zeitz, Esq.
Gary C. Zeitz, LLC
1101 Laurel Oak Road, Suite 170
Voorhees, NJ 08043
*Counsel for Defendant Pro Cap 8 FBO Firstrust Bank*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re: *Hwang v. Autunnale, et al.*, Civ. No. 25-16048 (SDW) (AME)**

Counsel:

Before this Court are two motions to dismiss Plaintiff Jihbin Hwang's ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) by Defendants The Borough of Highland Park ("Highland Park"), Christian Sumano ("Sumano"), and MaryAnn Autunnale ("Autunnale") (collectively, the "Highland Park Defendants") and Pro Cap 8 FBO Firstrust Bank ("PC8"). (D.E. 29, 30.) Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motions to Dismiss are **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

Plaintiff is the owner of a single-family home located at 200 Cedar Avenue, Highland Park, New Jersey 08904 (the "Property"). (SAC ¶ 1.) On or about August 15, 2025, while paying his water bill online, Plaintiff discovered that a lien was placed on the Property. (*Id.* ¶ 8.) After contacting the Highland Park Defendants, Plaintiff was told that the lien was placed on the Property because Plaintiff failed to replace the water meter. (*Id.* ¶ 11.) The Highland Park Defendants then sold the lien to PC8, who is now the lien holder. (*Id.* ¶ 13.) Plaintiff further alleges that shortly after commencing this matter, the Highland Park Defendants took several actions to retaliate against Plaintiff. (*Id.* ¶¶ 19–33.) According to Plaintiff, the Highland Park Defendants forced the occupants to vacate and padlocked the Property under false pretenses. (*Id.*)

Plaintiff filed the instant lawsuit on September 29, 2025 (D.E. 1) and then filed an Amended Complaint on October 27, 2025 (D.E. 8.) Plaintiff then filed a Second Amended Complaint on April 20, 2026. (D.E. 27.) The operative complaint asserts claims for constitutional violations under 42 U.S.C. §§ 1983, 1985, and 1986 and the New Jersey Civil Rights Act ("NJCRA"). Defendants filed the present Motions to Dismiss. (D.E. 29, 30.) All briefing was completed.

## II. LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Highland Park Defendants' Motion to Dismiss

The Highland Park Defendants move to dismiss Plaintiff's SAC, contending that the complaint fails to establish municipal liability and does not allege any wrongful conduct by the Individual Defendants, Sumano and Autunnale. First, this Court finds that Plaintiff has not adequately pleaded sufficient facts to impose liability on Highland Park. When a suit against a municipality is based on § 1983, the municipality can only be liable when "the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). A government policy or custom can be established in two ways:

> Policy is made when a 'decisionmaker possessing final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, such practices of state officials are so permanently and well-settled' as to virtually constitute law.

*McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (internal citation omitted). A custom requires proof of knowledge and acquiescence by the decisionmaker. *Id.* (citing *Watson v. Abington Twp.*, 478 F.3d 144, 154 (3d Cir.2007)).

Here, dismissal of Plaintiff's *Monell* claim is warranted because Plaintiff fails to specify the relevant "custom" or "policy." *See McTernan*, 564 F.3d at 658 ("To satisfy the pleading standard, [Plaintiff] must identify a custom or policy and specify what exactly that custom or policy was."). Although Plaintiff alleges that a municipal ordinance violated his constitutional rights, Plaintiff fails to identify which ordinance Highland Park is attempting to enforce. Moreover, even if Plaintiff had done so, Plaintiff does not identify a single decisionmaker with final authority or allege any pattern of similar incidents as a result of the purported policy or custom. Plaintiff's allegations are entirely conclusory and lack any factual support. Therefore, Plaintiff's *Monell* claims against Highland Park are dismissed. As a result, Plaintiff's NJCRA claims are also dismissed. *See Southey v. Twp. of Vernon*, No. 21-11844, 2025 WL 1341742, at *10 (D.N.J. May 7, 2025) (citing *Mervilus v. Union Cnty.*, 73 F.4th 185, 193 n. 4 (3d Cir. 2023)) ("Since the NJCRA is interpreted analogously to § 1983; the NJCRA claims rise and fall with the parallel § 1983 claims.").

Next, Plaintiff's §§ 1985(2) and 1986 claims also cannot survive a Rule 12(b)(6) motion to dismiss.[1] As stated by the statute, § 1985(2) prohibits conspiracies to obstruct justice and to intimidate litigants and witnesses. 42 U.S.C. § 1985(2); *Desi's Pizza, Inc. v. City of Wilkes–Barre*, 321 F.3d 411, 423 n. 1 (3d Cir.2003). To sustain a cause of action under § 1985(2), a plaintiff must allege "(1) a conspiracy between two or more persons, (2) to deter a witness 'by force,

[1] Plaintiff's SAC does not specify which subsection of § 1985 Plaintiff believes that Defendants have violated, however Plaintiff argues that § 1985(2) applies rather than § 1985(3). Plaintiff also concedes that his § 1984 claim must be dismissed as § 1984 has been omitted from the United States Code and therefore provides no basis for relief. *See* 42 U.S.C. § 1984.

intimidation, or threat' from attending any court of the United States or testifying freely in a matter pending therein, which (3) causes injury to the claimant." *Voth v. Hoffman*, No. 14-7582, 2016 WL 7535374, at *9 (D.N.J. Apr. 28, 2016) (internal citation omitted).

Here, Plaintiff's SAC fails to set forth any facts from which the Court could infer an agreement or understanding among the Defendants constituting a conspiracy under § 1985. See *Sharifi v. Twp. of E. Windsor*, No. 21-18097, 2023 WL 2182003, at *6 (D.N.J. Feb. 23, 2023) (quoting *Handelman v. New Jersey*, Civ. No. 16-2325, 2016 WL 3691976, at *11 (D.N.J. July 12, 2016)) ("[C]laims under § 1985 must be pled with specificity in order to withstand a motion to dismiss. Broad, conclusory allegations, unsupported by specific facts implicating specific defendants are insufficient to state a claim upon which relief can be granted."). Plaintiff's conclusory allegations, without more, that Defendants conspired to deprive Plaintiff of equal protection of the law are insufficient to withstand a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."); *see also Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"). Because Plaintiff fails to state a claim against Defendants under § 1985, his § 1986 claim also fails. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir.1994) (stating that § 1986 claim derives from § 1985 claim).

Lastly, Plaintiff's SAC fails to set forth any factual allegations as to any wrongful conduct by the Individual Defendants, Sumano and Autunnale.[2] As to the Individual Defendants, Plaintiff's claims are devoid of "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Plaintiff merely states that the Individual Defendants are liable without identifying the wrongful conduct of Sumano or Autunnale. In fact, Plaintiff fails to mention the Individual Defendants throughout any of the SAC's factual allegations.

For the same reason, Plaintiff's claims against Sumano and Autunnale also fail to comply with Rule 8. Rule 8 requires a complaint to be simple, concise, direct, and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). With regard to Rule 8, Plaintiff alleges that the Defendants acted in unison, without delineating the actions of each Defendant or explaining under what circumstances they acted or failed to act. There are no specific factual allegations as to Sumano and Autunnale's involvement in the alleged wrongful conduct. Instead, Plaintiff relies on nothing more than improper group pleading, stating that all Defendants are liable without specifying which Defendants engaged in what wrongful conduct. *See Roman v. Cnty. of Hudson*, No. 23-2811, 2024 WL 1757150, at *7 (D.N.J. Apr. 23, 2024); *see also In re Ojo*, No. 21-11357, 2021 WL 3732904, at *2 (D.N.J. Aug. 23, 2021) ("When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants 'who occupied different positions and presumably had distinct roles in the alleged misconduct' without specifying 'which defendants engaged in what wrongful conduct.' ") (citing *Falat v. County of*

[2] At this stage, this Court declines to address whether Sumano and Autunnale are entitled to qualified immunity.

*Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013)). Accordingly, Plaintiff's claims against the Individual Defendants are dismissed.

### B. PC8's Motion to Dismiss

Plaintiff's claims against PC8 suffer the same pleading defects as his claims against the Individual Defendants and fail to comply with Rule 8. The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

Here, Plaintiff does not provide adequate notice of the claims against PC8 as the SAC does not set forth any specific allegations against PC8. The SAC is centered on Plaintiff's allegations that the Highland Park Defendants improperly placed a lien against the Property and retaliated against Plaintiff. Although Plaintiff asserts that PC8 is an indispensable party, the SAC provides little insight into either the factual or legal nature of Plaintiff's claims against PC8 based on its status as the current lien holder. Instead, Plaintiff repeatedly references the alleged actions committed by the Highland Park Defendants rather than PC8. Additionally, for the same reasons, Plaintiff has failed to adequately plead a cause of action against PC8 as it is well established that "barebone allegations" will not survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's claims against PC8 are dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
André M. Espinosa, U.S.M.J.